UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EILEEN GROOMS,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | )<br>)<br>)<br>)    No. 3:08-CV-215<br>)    (Phillips/Guyton)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 25] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 24]. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for judgment on the pleadings [Doc. 14] be denied and that defendant Commissioner's motion for summary judgment [Doc. 21] be granted.

Plaintiff made application for disability insurance benefits and supplemental security income in February 2005, which was denied by an administrative law judge (ALJ) on August 23, 2007. Plaintiff exhausted her administrative remedies and sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those portions of

the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff's first objection is that the ALJ erred by failing to give full weight to the opinion of Dr. Bozeman, her treating physician, who opined that she suffers from moderately severe pain and that she would need to be absent from work more than four times a month. The weight given a physician's opinion depends upon the extent to which it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. 20 C.F.R. § 416.927(d). The ALJ is not bound by any physician's assessment, but may reject unsupported opinions and resolve conflicts in the evidence. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). It is within the ALJ's power to determine that the medical evidence of record was more consistent with the diagnosis of one doctor over another. *See Crowe v. Harris,* 489 F. Supp. 683, 689 (E.D. Tenn. 1980). Moreover, the ALJ has the power to weigh all the evidence and resolve any conflicts. *See Bradley v. Secretary of Health and Human Services,* 862 F.2d 1224, 1227 (6th Cir. 1988).

Here, Dr. Bozeman himself reported that plaintiff could perform a range of work. Dr. Summers reported plaintiff was capable of sedentary and low to moderate intensity level activities. Dr. Bell reported plaintiff could perform a range of light exertional work with frequent postural activities, but should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. Dr. Meric, who performed back surgery for a herniated disk, reported that plaintiff should limit her bending and twisting, and limit lifting

-2-

to ten pounds as much as possible, but on occasion she could lift up to thirty pounds. The plaintiff has taken one statement from Dr. Bozeman and argues that the ALJ should credit this statement as determinative of the issue of disability. I find plaintiff's argument without merit as it ignores the rest of Dr. Bozeman's statements and reports, as well as the statements of the other physicians noted above. Accordingly, I find that the ALJ properly weighed <u>all</u> of the evidence in the record, and further find that substantial evidence supports the ALJ's finding that plaintiff can perform sedentary work.

Next, the plaintiff argues that the ALJ failed to state reasons for finding the plaintiff's testimony regarding disability not credible. The evidence of record constituted substantial evidence in support of the ALJ's finding that plaintiff's subjective symptoms were not credible to preclude the sedentary work specified. Symptoms will be found to diminish a claimant's capacity only to the extent the alleged limitations from those symptoms can reasonably be accepted as consistent with the objective evidence and other evidence of record. 20 C.F.R. §§ 404.1529(c)(3), (c)(4), and 416.929(c)(3), (c)(4). Here, plaintiff's subjective complaints were not supported by the findings of her treating and examining physicians, all of whom found that she could perform some level of work. Moreover, the vocational expert testified that a person with plaintiff's limitations could perform a significant number of sedentary jobs. Therefore, the ALJ's credibility determination is entitled to deference. *Williamson v. Secretary of Health and Human Services,* 796 F.2d 146, 150 (6th Cir. 1986).

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for judgment on the pleadings; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

        s/ Thomas W. Phillips
       United States District Judge